IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Sutcliffe, et al.,                    ) | |
| ) | C/A No. 4:16-2939-MBS-TER |
| Plaintiffs,     ) | |
| ) | |
| vs.                             ) | **O R D E R** |
| ) | |
| Judge Timothy Cain, et al.,             ) | |
| ) | |
| Defendants.     ) | |
| _____) | |

This is a civil rights action filed by eight state prisoners, proceeding pro se and in forma pauperis. Plaintiffs allege that Defendants engaged in fraud, conspiracy, and other offenses with respect to the dismissal of other cases filed by Plaintiffs in this court. See, e.g., Crawford v. SC Supreme Court, C/A 0:16-1428-TMC-PJG; Sutcliffe v. SC Supreme Court, C/A No. 0:16-992-TMC-PJG; Muqit v. McFadden, C/A No. 8:14-3555-RBH. Plaintiffs seek class action certification.

As an initial matter, the Court of Appeals for the Fourth Circuit has held that prisoners, as laypersons, cannot bring class action lawsuits. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); see also Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Thus, the complaint is not cognizable as a class action.

The court next turns to the question of whether Plaintiffs may join in one action pursuant to Rule 20 of the Federal Rules of Civil Procedure. The Court of Appeals for the Eleventh Circuit addressed this issue in Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001). The Eleventh Circuit

upheld a determination by the district court that the Prison Litigation Reform Act (PLRA) precludes indigent prisoners from participating in multi-plaintiff actions. This is because prisoners must file separate complaints to comply with the PLRA's requirement that each prisoner pay the full filing fee. Although the court recognizes there are courts that disagree with Hubbard, the court joins with a number of her sister courts in this Circuit and finds Hubbard to be persuasive. See, e.g., Jackson v. North Carolina, No. 5:14-CT-3220-F, 2015 WL 11117236 (E.D.N.C. March 26, 2015); Carroll v. United States, C/A No. 5:14-cv-02167-JMC, 2015 WL854927 (D.S.C. Feb. 27, 2015); Fleming v. Francis, No. 5:13-CV-21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014); Watterson v. Terrell, No. 1:10CV184-RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010).

Further, as noted by the district court in Harris v. Barnes, No. 1:09CV726, 2009 WL 3585259, at *1 (M.D.N.C. Oct. 26, 2009), "[multiple prisoner plaintiffs] would also create a number of potential practical problems related to joint litigation such as the need for all plaintiffs to sign pleadings, the need for the joint plaintiffs to meet, the transitory nature of jail populations, etc." (citing Wilson v. Algarin, Civ. Action No. 08–345, 2008 WL 373630, *1 (E.D. Pa. Feb. 7, 2008) (unpublished)).

And finally, the PLRA requires each prisoner to exhaust his or her administrative remedies prior to filing a civil lawsuit. See 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the Plaintiffs." Williams v. Jones, No. 9:14-cv-00787-RMG-BM, 2014 WL 2155251, at *11 (May 22, 2014).

For all these reasons, the court concludes that the claims of the eight Plaintiffs in the instant

action should be separated for initial review.

**TO THE CLERK OF COURT:**  The captioned case shall pertain only to the first named Plaintiff, John E. Sutcliffe. Therefore, the Clerk of Court is directed to terminate Anthony Cook, David Duren, Yahya Muquit, Travis Bellamy, Robert Mitchell, Clarence Chisolm, and Lawrence L. Crawford as Plaintiffs in the above-referenced case. The Clerk of Court is further directed to assign separate civil action numbers for the seven Plaintiffs terminated in this case.  The Clerk of Court shall file this order as the initial docket entry in the newly created cases, and shall re-file the Complaint (ECF No. 1) in the newly created actions.  The defendants in the newly created case will be the same defendants listed in the captioned case.  The Clerk of Court is authorized to determine the most efficient manner and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system.

After the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in In Re: Procedures in Civil Actions Filed byPrisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 13, 2016