UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit, # 318455, *a/k/a Yahya Muquit*, | ) C/A No. 4:16-3103-MBS-TER |
| | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| | ) |
| Judge Timothy Cain, | ) |
| Judge Paige Gossett, | ) |
| Judge RBH in Case 8:14-cv-3555, | ) |
| Warden McFadden, | ) |
| The S.C. Supreme Court, | ) |
| All Defendants Listed in Case 0:16-cv-992, | ) |
| All Defendants Listed Within the (170) Page Complaint | ) |
| Dated May 18, 2016 They Blocked Being Assigned a | ) |
| Case Number, | ) |
| The United States, | ) |
| 193 Member States of the United Nations, | ) |
| All States and U.S. Territories That Allow Same-Sex | ) |
| Marriage, | )) |
| Judge Benjamin Lee, | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTION FOR EXTENSION**

Plaintiff signed a filing along with six others requesting an extension of time to respond to this court's proper form order dated September 19, 2016. Plaintiff states he has not received back his financial statements. (ECF No. 8). Plaintiff is **granted ten days** from the date of this order, with three days for mailing, to comply with the prior order dated September 19, 2016. Additionally, Plaintiff is ordered to:

-file separate pleadings with only one cause number and only one Plaintiff ,himself, listed in the caption;

- write legibly and do not triplicate or write over words already written; and

- sign his documents filed with the court and no other persons' signatures should be present.

## MOTION FOR RECUSAL OF ALL JUDGES:

Plaintiff's filing also included a request for recusal of all judges of the South Carolina District Court.  To the extent the motion seeks recusal of the undersigned, the motion is **denied**.  Plaintiff alleges that the undersigned is a defendant and judges cannot sit on cases where named. On September 19, 2016, by order of this court, Plaintiff was informed that he is the sole plaintiff in this cause number and he was instructed to file service documents and a complaint form in his own name if he desired to bring this case into proper form. Plaintiff has yet to file his own Complaint and name defendants.

Plaintiff does not provide, and the Court is not aware of a basis for disqualification of the undersigned that would be appropriate in this matter.  *See* 28 U.S.C. § 455.  The undersigned is "presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary."  *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4 Cir. 1994); *see also U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").

Under the objective standard, a reasonable outside observer, aware of all the facts and circumstances of this case, would not question the undersigned's impartiality.  *See id.* at 286. Plaintiff's contentions are too vague, tenuous, or speculative to establish a violation requiring recusal/disqualification.  "To disqualify oneself in such circumstances would be to set the price of maintaining the purity of appearance too high —it would allow litigants to exercise a negative veto over the assignment of judges."  *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)(internal citations and quotations omitted).

Thus, Plaintiff's Motion for Recusal is denied, and Plaintiff is instructed to comply with this order and the Court's prior order dated September 19, 2016.

## TO PLAINTIFF:

This case is not in proper form.  **If Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court  under Rule 41 of the Federal Rules of Civil Procedure.**

Plaintiff must place the civil action number listed above on any document provided to the Court pursuant to this Order. **Any future filings in this case must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used  in the Electronic Case Filing System.  In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. **Plaintiff is further instructed not to**

**write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted**.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**TO THE CLERK OF COURT**:

The Clerk shall mail a copy of this Order to Plaintiff.  If Plaintiff fails to comply with this Order within the period prescribed in this Order, the Office of the Clerk of Court shall forward the file to the assigned United States District Judge to determine if the case should be dismissed.  *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007).  If, however, Plaintiff provides this Court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III

October 20, 2016                              Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge

**Plaintiff's attention is directed to the important WARNING on the following page.**

## IMPORTANT INFORMATION ....PLEASE READ CAREFULLY
## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).