UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit, # 318455,<br>*a/k/a Yahya Muquit*,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>Judge Timothy Cain,<br>Judge Paige Gossett,<br>Judge R.B.H. in Case 8:14-cv-3555,<br>Warden McFadden,<br>S.C. Supreme Court,<br>All Defendants Listed in Case 0:16-cv-992,<br>All Defendants Listed Within the (170) Page Complaint Dated May 18, 2016 They Blocked Being Assigned a Case Number,<br>The United States,<br>193 Member States of the United Nations,<br>All States and U.S. Territories That Allow Same-Sex Marriage,<br>Judge Benjamin Lee,<br>　　　　　　　　　　Defendants.<br>_____ | C/A No. 4:16-3103-MBS-TER<br><br><br><br><br><br>ORDER |

　　　　This is a civil action filed by a state prisoner. Plaintiff's case originated with cause number 4:16-2939-MBS-TER, an action filed by eight state prisoners. The original Complaint contained allegations of fraud, conspiracy, and other offenses related to the dismissal of other cases filed by the various Plaintiffs in this court. *See, e.g.*, *Crawford v. SC Supreme Court*, C/A 0:16-1428-TMC-PJG; *Sutcliffe v. SC Supreme Court*, C/A No. 0:16-992-TMC-PJG; *Muqit v. McFadden*, C/A No. 8:14-3555-RBH.

　　　　By Order of this court on September 13, 2016 (ECF No. 1), the Plaintiffs were denied class action status. Additionally, the suit was not cognizable as joint litigation and each prisoner was required to meet the PLRA's requirements. Thus, each Plaintiff's case was separated into his own

cause of action for initial review by the magistrate judge.

On September 19, 2016, Plaintiff was ordered to complete and sign a Complaint Form, pay the filing fee or file a Motion for *in forma pauperis* with a completed financial certificate, complete a summons form, and complete Forms USM-285. Plaintiff was warned that failure to comply with the order may be cause for dismissal under Fed. R. Civ. P. 41. (ECF No. 6).

On October 14, 2016, Plaintiff filed a Motion for Extension of Time to respond to the September 19, 2016 Order and filed a recusal motion. Again, the prisoners continued filing one document with each of their signatures, cause numbers, and captions, instead of completing filings as individuals as instructed. (ECF No. 8).

On October 20, 2016, the court granted ten days from the date of the order plus three days for mailing to comply with the September 19, 2016 order. Additionally, the court placed further requirements on the Plaintiff: to write legibly and to file separate pleadings with only his cause number, his caption, and his signature. (ECF No. 9). The court also denied the Plaintiff's motion for recusal of all judges.

On October 31, 2016, mail returned as undeliverable and was re-mailed.

On November 3, 2016, in direct defiance of the court's prior orders, the prisoners again continued filing one document with each of their signatures, cause numbers, and captions, instead of completing filings as individuals as instructed. Plaintiff moved for recusal a third time, moved to change venue, and moved to vacate orders from prior causes of action. (ECF No. 15). These Motions have yet to be ruled on and by this order are deemed moot due to dismissal of this case under Rule 41 for failure to comply with the court's orders.

On November 8, 2016, Plaintiff moved for an extension of time again, arguing his time should run from the date received not the date of the order as instructed by the order. Again, in direct defiance of the court's prior orders, the prisoners filed one document with each of their signatures, cause numbers, and captions, instead of completing filings as individuals as ordered. (ECF No. 16).

On November 9, 2016, the court granted until November 21, 2016, for Plaintiff to bring the case into proper form completely and follow all orders of this court. The court resent all proper form documents and all instructions again. Again, the court ordered Plaintiff to comply with the orders by writing legibly and filing a separate pleading with only his signature, his cause number, and his case caption. (ECF No. 17).

On November 16, 2016, Plaintiff again asked for an extension of time to place this case into proper form. (ECF No. 21). Again, the prisoners filed one document with each of their signatures, cause numbers, and captions, failing to comply with the court's prior orders. On November 16, 2016, the court denied the Plaintiff's Motion for Extension of Time. On November 21, 2016, Plaintiff filed a voluminous amount of documents but still failed to follow the court's orders.

Plaintiff has failed to comply with the multitude of court orders ordering Plaintiff to complete documents to place this case into proper form. Plaintiff has filed over 300 pages of hand-written documents with this court since the first proper form order was issued on September 19, 2016.

Plaintiff's lack of compliance with the Orders indicates an intent to not prosecute this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with an order of the court.); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing*

3

*Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). Plaintiff has been given instructions multiple times, two sets of blank forms, and multiple extensions. Yet, Plaintiff has failed to comply with the court's orders.

Accordingly, this case is dismissed without prejudice. All pending motions are deemed moot and thus denied. The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

December 8, 2016

Columbia, South Carolina